United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 13-15363-ref
John Stephen Chabak                                                   Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4            User: dlv              Page 1 of 1               Date Rcvd: May 03, 2019
                                Form ID: 3180W         Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 05, 2019.
db         +John Stephen Chabak,    2139 Blossom Lane,    Bethlehem, PA 18018-1105
smg        +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
             Allentown, PA 18101-1603
smg         City Treasurer,    Eighth and Washington Streets,    Reading, PA 19601
smg        +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,   Centre Valley, PA 18034-0520
smg        +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg        +Tax Claim Bureau,    633 Court Street,   Second Floor,    Reading, PA 19601-4300
13080583    Bethlehem Area School District,    C/O Portnoff Law Associates,    P.O. Box 3020,
             Norristown, PA 19404-3020
13135844   +City of Bethlehem,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
             Norristown, PA 19404-3020
13080585   +County Of Lehigh Fiscal Office,    17 S. 7th Street, Rm 119,    Allentown, PA 18101-2401
13080587   +Lehigh County Tax Claim Bureau,    17 S. 7th Street, Rm 119,    Allentown, PA 18101-2401
13080593   +Michelle DeWald,    1683 Broadhead Court,   Bethlehem, PA 18015-5517

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 04 2019 02:47:43
             Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
             Harrisburg, PA   17128-0946
smg        +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 04 2019 02:48:02     U.S. Attorney Office,
             c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
13080586    EDI: IRS.COM May 04 2019 06:43:00      Department of the Treasury - IRS,
             Internal Revenue Service,    P.O. Box 7346,   Philadelphia, PA 19101-7346
13189696    EDI: RESURGENT.COM May 04 2019 06:43:00      LVNV Funding, LLC its successors and assigns as,
             assignee of Citibank USA, N. A.,    Resurgent Capital Services,   PO Box 10587,
             Greenville, SC 29603-0587
13191991    E-mail/Text: camanagement@mtb.com May 04 2019 02:47:18     M & T Bank,   P.O. Box 1288,
             Buffalo, New York 14240
                                                                                             TOTAL: 5

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 05, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 3, 2019 at the address(es) listed below:
          CELINE P. DERKRIKORIAN    on behalf of Creditor    M&T BANK ecfmail@mwc-law.com
          JAMES RANDOLPH WOOD    on behalf of Creditor    City of Bethlehem/Bethlehem Area School District
           jwood@portnoffonline.com, jwood@ecf.inforuptcy.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          KEVIN G. MCDONALD    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
          LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          MARISA MYERS COHEN    on behalf of Creditor    M&T BANK mcohen@mwc-law.com
          MICHELLE DEWALD    on behalf of Debtor John Stephen Chabak mdewald@rcn.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com, ecf_frpa@trustee13.com
          THOMAS I. PULEO    on behalf of Creditor    M&T BANK tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM MILLER*R    on behalf of Trustee WILLIAM MILLER*R ecfemail@FredReigleCh13.com,
           ECF_FRPA@Trustee13.com
                                                                                             TOTAL: 11

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **John Stephen Chabak**<br>First Name    Middle Name    Last Name | Social Security number or ITIN **xxx–xx–1340**<br>EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN _ _ _ _<br>EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **13–15363–ref** | |

# Order of Discharge                                                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

John Stephen Chabak

<u>5/3/19</u>                                                     **By the court:**    <u>Richard E. Fehling</u>
                                                                                                United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**